Umar SHAFIQ, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE,
Peter D. Keisler,[1] Attorney
General, Respondents.

No. 06–5560–ag.

United States Court of Appeals,
Second Circuit.

Oct. 2, 2007.

Khagendra Gharti–Chhetry, Chhetry &
Associates, P.C., New York, NY, for Petitioner.

Edward J. Duffy, Attorney (Michael P.
Lindemann, Assistant Director, Office of
Immigration Litigation, on the brief), for

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Peter D. Keisler, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[2]

## SUMMARY ORDER

Petitioner Umar Shafiq, a native of Pakistan, petitions for review of a November 7, 2006 BIA order adopting and affirming the May 13, 2005 removal order of Immigration Judge ("IJ") Sarah M. Burr. *See In re Umar Shafiq*, No. A 97 656 674 (B.I.A. Nov. 7, 2006), *aff'g* No. A 97 656 674 (Immig. Ct. N.Y. City May 13, 2005). Shafiq asserts that the agency erred in finding him ineligible for relief from removal under the Family Unity Amendments to the Legal Immigration Family Equity Act ("LIFE Act"), Pub.L. 106–554 § 1504, 114 Stat. 2763, 2763A–324 (2001). Where, as here, the BIA adopts and affirms the IJ's decision with some supplementation, "we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Under 8 C.F.R. § 245a.31, which implements the Family Unity Amendments to the LIFE Act, certain spouses and unmarried children of aliens eligible to adjust status under 8 C.F.R. § 245a.10 may obtain family unity benefits in the United States if they, *inter alia*, entered the United States before December 1, 1988, and resided in the United States on that date.[3] *See* 8 C.F.R. § 245a.31(b); Family Unity Amendments to LIFE Act, Pub.L. 106–554 § 1504(b), 114 Stat. 2763 at 2763A–325. Although petitioner concedes that he did not physically enter the United States until March 24, 2004, he contends that he is nevertheless eligible to receive family unity benefits under the relevant LIFE Act Amendments because his father's entry into the United States prior to December 1, 1998, created a legal domicile for him in this country. As the BIA correctly concluded, however, domicile is irrelevant to the legal requirements that petitioner enter the United States before December 1, 1988, and reside in the United States on such date. *See Rosario v. INS*, 962 F.2d 220, 224 (2d Cir.1992) (noting that, although "a minor's domicile is the same as that of its parents," residence is "determined from the *physical fact* of . . . living in a particular place" (emphasis added)); 8 U.S.C. § 1101(a)(33) (defining "residence" as a person's "principal, actual dwelling place in fact, without regard to intent"). Because there is no record evidence that petitioner entered or resided in the United States prior to his entry in March 2004, he fails to satisfy the entry and residence requirements necessary to qualify for benefits under the Family Unity Amendments to the LIFE Act.

Accordingly, the petition for review of the BIA's November 7, 2006 order is hereby DENIED.

---

2. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

3. The family unity benefits conferred upon eligible spouses and unmarried children by the Family Unity Amendments include an exemption from removal on certain specified grounds and authorization to work in the United States. *See* Family Unity Amendments to LIFE Act, Pub.L. 106–554 § 1504(a), 114 Stat. at 2763A–325.